J-S36030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARRICK PRYOR | : | |
| | : | |
| Appellant | : | No. 2970 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 5, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008674-2017

BEFORE: LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED JANUARY 31, 2022**

Appellant, Garrick Pryor, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for robbery, burglary, conspiracy, theft by unlawful taking, receiving stolen property, and possessing an instrument of crime.[1] We affirm.

The relevant facts and procedural history of this appeal are as follows.

> [On August 29, 2017, Complainant, Bromley Samuels,] returned home at approximately 10:45 p.m., parked his car and observed [A]ppellant and a few other men standing on the corner outside his apartment where he lived with his children, ages 6 and 9, and his disabled and blind uncle. At 11:00 or 11:15 p.m., he heard a knock at his door and when he answered it, [A]ppellant and another man who was holding a gun "barged" into the apartment, held him at

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3502(a)(1)(i), 903(c), 3921(a), 3925(a), and 907(a), respectively.

gunpoint and ransacked his apartment, robbing him of his .40 caliber firearm, a tablet and various jewelry, including earrings that [A]ppellant removed from [Mr. Samuels'] ears. [Mr. Samuels] further testified that [A]ppellant stole the keys to his apartment and 2005 Chevrolet Suburban vehicle from his pants pocket. Although [Mr. Samuels] acknowledged that he couldn't see into the bedroom while [A]ppellant was ransacking it, he testified that his firearm was located in his bedroom closet on the night of the robbery and that it was missing immediately after his bedroom was ransacked by [A]ppellant on the night of the robbery.

[Mr. Samuels] testified that despite being told to lie face down on the floor, he was looking at [A]ppellant the "whole time" and got a good look at his face because unlike his accomplice, [A]ppellant did not have a mask on and had his hoodie pulled down from his head during the entire robbery. Although there was some confusion as to [Mr. Samuels'] description of [A]ppellant's exact height, he was able to state to the police that [A]ppellant was the taller of the two (2) perpetrators, wearing [a] dark navy-blue tee shirt, light blue jeans and having a skinny beard and brown eyes. [Mr. Samuels] testified … that [he] did not get a good look at [A]ppellant's accomplice because he wore a mask and kept his hoodie over his head and face. Regarding the theft of his 2005 Chevrolet Suburban vehicle, [Mr. Samuels] testified that because [A]ppellant took his only set of keys he was not able to move his car from where it was parked. On the day following the robbery, August 30, 2017, [Mr. Samuels] saw that his car was missing from where he had parked it and immediately reported it stolen.

(Trial Court Opinion, filed 3/19/21, at 13-14) (record citations omitted).

On September 8, 2017, Philadelphia Police Officer Easton Weaver attempted to stop the driver of a 2005 Chevrolet Suburban with highly tinted windows. After checking with the Bureau of Motor Vehicles and determining that the vehicle had been reported stolen by Mr. Samuels, Officer Weaver pulled over the vehicle and arrested the driver, Appellant. Appellant was later

released from custody.  (*See id.* at 5-6).

> [Mr. Samuels] eventually met with detectives and was able to pick [A]ppellant's picture from a photo array but was unable to pick out [A]ppellant's accomplice with any certainty.  [Mr. Samuels] testified that although he had never seen [A]ppellant prior to the night of the robbery, he had seen [A]ppellant near his apartment complex several times prior to picking [A]ppellant out of the police photo array.  [Mr. Samuels] testified that [A]ppellant was in his apartment for over an hour with no mask or hoodie on and that he got "a good look at him."  [Mr. Samuels] further testified that he is "real good with faces" and "I saw him real, real, good."

(*Id.* at 14) (record citations omitted).

On September 21, 2017, Philadelphia Police Officer Edward Lane observed Appellant sitting on the steps of Mr. Samuels' apartment complex holding a computer bag.  After recognizing that Appellant was wanted for the robbery, Officer Lane and his partner approached him.  Appellant took off running and threw the computer bag.  "Officer Lane retrieved the bag and inside it he found a flashlight, a hammer, [a] screwdriver and a pair of gloves.  Officer Lane's partner eventually caught up to and arrested [A]ppellant."  (*Id.* at 6) (record citation omitted).

The Commonwealth charged Appellant under docket number CP-51-CR-0008674-2017 with offenses related to the robbery of Mr. Samuels' apartment.  He was charged in a separate matter under docket number MC-51-0026753-2017 with unauthorized use of an automobile and driving with a suspended license.

On June 26, 2018, the Commonwealth filed a motion for consolidation

of Appellant's two cases for trial. After hearing argument on the motion, the trial court granted the Commonwealth's motion and consolidated the two cases on October 22, 2018.

On March 8, 2019, after a three-day trial, a jury found Appellant guilty in both matters. On June 5, 2019, the court sentenced Appellant to an aggregate term of ten to twenty years of imprisonment. On Monday, June 17, 2019, Appellant timely filed post-sentence motions, which were denied by operation of law on October 15, 2019. Appellant timely filed a notice of appeal that day.

On October 16, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following the appointment of new counsel for appeal, Appellant timely complied.

Appellant raises two issues on appeal.

> Did the trial court commit a reversible error and abuse its discretion when the court consolidated [Appellant's] cases?

> Was the verdict against the weight of the evidence?

(Appellant's Brief at 4).

In his first issue, Appellant argues that the court abused its discretion when it granted the motion to consolidate the two cases against him. Appellant asserts that the unfair prejudice of consolidating the cases substantially outweighed the relevance and evidentiary need for the evidence. Appellant insists that the two cases were based on different acts occurring on

- 4 -

different dates. Appellant claims that the facts of the stolen vehicle case were irrelevant to the robbery case and were not necessary to complete the story, and a separate trial of the robbery case would have no need for the facts of Appellant's arrest in the stolen vehicle case. (*See id.* at 11-13). Appellant suggests that the inclusion of those facts unfairly prejudiced him because the jury likely cumulated the evidence of Appellant driving Mr. Samuels' truck and convicted him of both crimes. (*See id.* at 14). Appellant concludes the court improperly consolidated the cases, and this Court must grant appropriate relief. We disagree.

Our standard of review concerning the grant of a motion to consolidate is well settled.

> In reviewing a trial court decision to consolidate or to sever offenses for trial, our standard is abuse of discretion. Offenses charged in separate informations may be tried together if they are "based on the same act or transaction" or if "the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion." [Pa.R.Crim.P.] 582(A)(1). The court has discretion to order separate trials if "it appears that any party may be prejudiced" by consolidating the charges. [Pa.R.Crim.P.] 583.

> Our Supreme Court has established a three part test, incorporating these two rules, for deciding the issue of joinder versus severance of offenses from different informations. The court must determine

>> whether the evidence of each of the offenses would be admissible in a separate trial for the other; whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, whether the defendant will be unduly prejudiced by the

- 5 -

consolidation of offenses.

***Commonwealth v. Thomas***, 879 A.2d 246, 260 (Pa.Super. 2005) (internal

citations omitted).

> While evidence of other criminal behavior is not admissible
> to show a defendant's propensity to commit crimes, such
> evidence "may be admitted for other purposes, such as
> proof of motive, opportunity, intent, preparation, plan,
> knowledge, identity or absence of mistake or accident" so
> long as the "probative value of the evidence outweighs its
> prejudicial effect."

***Commonwealth v. Johnson***, 179 A.3d 1105, 1115-16 (Pa.Super. 2018)

(internal citations omitted).

Instantly, the trial court explained:

> If these matters were tried separately, the jury would need
> to hear evidence of the other in order to show how
> [A]ppellant had come to be in possession of the keys to
> complainant's vehicle and to support [Mr. Samuels']
> identification of [A]ppellant as the individual who robbed
> him of the keys to his car the night of the home invasion.
> Although this evidence, as with all evidence, is prejudicial to
> [A]ppellant, th[e trial c]ourt determined that it was relevant
> and admissible to show knowledge, motive, opportunity and
> identity.  Contrary to [A]ppellant's assertion that the jury
> was confused, there was no indication that the jury was
> confused or unable to separate the two (2) matters.  In this
> case, only eight (8) days separated the time between the
> home invasion robbery and [A]ppellant's arrest for
> operating [Mr. Samuels'] vehicle.  The evidence put forth by
> the Commonwealth proved that it was [A]ppellant who took
> the car keys from [Mr. Samuels'] pocket during the home
> invasion and it was [A]ppellant who was found operating the
> stolen vehicle.  Therefore, th[e trial c]ourt ruled that there
> was no danger that the jury would be confused by such a
> simple chain of events.
>
> *    *    *

Here, there was no danger of confusion by the jury nor was

- 6 -

there undue prejudice resulting from th[e trial c]ourt consolidating these two (2) matters for trial. As such, [A]ppellant's claim of error is without merit.

(Trial Court Opinion at 9-10) (citations omitted). Based upon the foregoing, we see no abuse of discretion by the trial court in granting the Commonwealth's motion to consolidate Appellant's cases. *See Johnson, supra*; *Thomas, supra*. Accordingly, Appellant's first issue is meritless.

In his second issue, Appellant argues that the jury's verdict was "so contrary to the evidence as to shock one's sense of justice" because the testimony of Mr. Samuels was not credible. (Appellant's Brief at 15) (citation omitted). Appellant asserts that Mr. Samuels' testimony was "contradictory, embellished and unreliable." (*Id.*). Appellant claims that Mr. Samuels exaggerated the items stolen during the robbery and the length of the robbery. (*Id.* at 16). Appellant concludes the verdict was against the weight of the evidence, and this Court must award him a new trial. We disagree.

When examining a challenge to the weight of the evidence, our standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> *Commonwealth v. Small*, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather,

- 7 -

appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted). A "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Rivera*, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009), *cert. denied*, 560 U.S. 909, 130 S.Ct. 3282, 176 L.Ed.2d 1191 (2010).

Instantly, the trial court explained:

> The jury in this matter, sitting as the trier of fact, heard the above testimony and evidence presented by the Commonwealth and found it to be credible and persuasive.
> …
>
> Appellant's contention that the verdict was against the weight of the evidence is unsupported by the record in this case. Further, [A]ppellant's specific claim that [Mr. Samuels'] testimony was vague and unreliable is not supported by the evidence that was submitted to the jury. The testimony of the six (6) Philadelphia police officers and detectives who testified at trial all supported and corroborated [Mr. Samuels'] version of events.
>
> In the instant matter, the jury heard evidence regarding the series of events resulting in the robbery of [Mr. Samuels'] personal items, including his firearm. As such, Appellant's contention that the evidence did not support the jury's guilty verdict is without merit.

(Trial Court Opinion at 15-16) (citations omitted). On this record, we see no basis to disrupt the court's denial of Appellant's challenge to the weight of the evidence. *See Champney, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/31/2022